IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KERRY WEST | § |
| | § |
| vs. | §   Civil Action No. 21-153 |
| | § |
| PILOT CORPORATION d/b/a | § |
| PILOT TRAVEL CENTER and | § |
| PILOT TRAVEL CENTERS, LLC | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Kerry West files this, his Original Complaint, complaining of and against Defendants Pilot Corporation d/b/a Pilot Travel Center and Pilot Travel Centers, LLC. In support thereof, Plaintiff respectfully shows the Court the following:

### A. PARTIES

1. Plaintiff Kerry West is an individual, residing in Jackson, Hinds County, Mississippi.

2. Defendant Pilot Corporation d/b/a Pilot Travel Center maintains a business premises located at 12881 FM 14 A, Tyler, Texas 75706. Defendant Pilot can be served by serving its registered agent for service, CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201.

3. Defendant Pilot Travel Centers, LLC maintains a business premises located at 12881 FM 14 A, Tyler, Texas 75706. Defendant Pilot Travel Center, LC can be served by serving its registered agent for service, CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201.

## B. JURISDICTION AND VENUE

4. The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the named Plaintiff and all named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## C. AGENCY / *RESPONDEAT SUPERIOR*

6. Whenever it is alleged in this Petition that the Defendants did any act or thing, it is meant that the Defendants' agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of the Defendants or was done in the normal routine course of the agency or employment of the Defendants.

## D. FACTS

7. On December 15, 2018, as a business invitee, Plaintiff West visited the Pilot Travel Center owned by the Defendants Pilot Corporation, d/b/a Pilot Travel Centers and Pilot Travel Centers, LLC, which is located at 12881 FM 14 A, Tyler, Texas 75706. Plaintiff parked his vehicle near one of the diesel pumps located on the Pilot Travel Center's premises, intending to pump diesel into his vehicle for the mutual benefit of Plaintiff and Defendants. As Plaintiff entered his credit card, he touched the nozzle attempting to stop the transaction. At that time, Plaintiff noticed that the hose was missing and diesel fuel began pouring all over Plaintiff. As Plaintiff attempted

to get out of the path of the pouring diesel fuel by getting into his truck/the spilled pouring diesel fuel caused Plaintiff to slip and Plaintiff fell in the diesel fuel.

### E. NEGLIGENCE OF DEFENDANTS PILOT CORPORATION d/b/a PILOT TRAVEL CENTER AND PILOT TRAVEL CENTERS, LLC

8. The incident made the basis of this suit, and the resulting injuries and damages of Plaintiff West, were proximately caused by the negligent conduct of Defendants in one or more of the following respects:

   a. Failing to adequately maintain his premises, including the diesel fuel hose and pumps;

   b. Failing to routinely inspect the premises;

   c. Failing to timely and adequately clean the premises; and

   d. Failing to adequately warn its business invitees of potential hazards on his premises, including but not limited to, a missing diesel fuel hose.

9. Each and all of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff West's injuries and damages. Plaintiff West reserves the right to plead more specifically as facts become more fully known in discovery.

### F. PREMISES LIABILITY CLAIM BY AN INVITEE

10. At all times relevant to this lawsuit, Defendants were the owners, possessors and/or managers of the premises at 12881 FM 14 A, Tyler, Texas 75706, on which Defendants operated a travel stop/gas station.

11. Defendants extended an open invitation to the public, including but not limited to Plaintiff West, to enter the premises for their mutual benefit. Plaintiff West entered Defendants' premises for the mutual benefit of the parties. Therefore, Plaintiff West was an invitee.

12. A condition on Defendants' premises posed an unreasonable risk of harm. Specifically, Defendants' diesel fuel pumps was missing a hose, which caused diesel fuel to spill creating an unreasonably dangerous condition for invitees using the premises.

13. Defendants knew or reasonably should have known of the dangerous conditions. Specifically, had Defendants routinely inspected and cleaned its property, Defendants should have and would have known of these hazardous conditions.

14. Because Plaintiff West was an invitee at all relevant times, Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to him. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). This duty includes the duty to inspect and the duty to warn invitees of such dangers. *Id.* at 771. Furthermore, Defendants had a duty to reduce or eliminate an unreasonable risk of harm created by a hazardous condition, such as this one. *Id.* Despite Defendants' duty, it failed to inspect, failed to cure, and failed to warn Plaintiff West of the dangerous condition described above.

15. Defendants' breach of duty proximately caused serious and permanent injuries to Plaintiff, which are described elsewhere herein.

## G. PLAINTIFF'S DAMAGES

16. As a direct and proximate result of Defendants' negligence, Plaintiff West suffered serious personal injuries. Plaintiff reserves the right to plead more specifically if, and when, more injuries become known. Plaintiff West believes some of his injuries are permanent in nature and have had a serious effect on his well-being. In connection with his injuries, Plaintiff West has suffered:

   a. Medical expenses incurred in the past;
   b. Medical expenses that, in reasonable probability, will be incurred by Plaintiff West in the future;

  c. Past mental anguish;

  d. Mental anguish that, in reasonable probability, Plaintiff West will suffer in the future;

  e. Past physical pain and suffering;

  f. Physical pain and suffering that, in reasonable probability, Plaintiff West will suffer in the future;

  g. Past physical impairment;

  h. Physical impairment that, in reasonable probability, Plaintiff West will suffer in the future;

  i. Lost wages; and

  j. Loss of earning capacity.

17. Plaintiff West's damages are in an amount within the jurisdictional limits of this Court. Plaintiff West seeks a reasonable amount to be determined by the jury for his injuries/damages.

## H. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer and that, upon final trial of this cause, Plaintiff have:

  a. actual damages within the jurisdictional limits of this Court;

  b. pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

  c. costs of Court; and

  d. all such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

_____
CARSON R. RUNGE
State Bar No. 24059262
crunge@sloanfirm.com
SAVANNAH M. JUDKINS
State Bar No. 24121694
sjudkins@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone      903-757-7000
Facsimile       903-757-7574

ATTORNEYS FOR PLAINTIFF